James M. Lindsay, State Bar No. 164758
jlindsay@lindsonelaw.com
Gene J. Stonebarger, State Bar No. 209461
gstonebarger@lindsonelaw.com
Richard D. Lambert, State Bar No. 251148
rlambert@lindsonelaw.com
LINDSAY & STONEBARGER
A Professional Corporation
620 Coolidge Drive, Suite 225
Folsom, CA 95630
Telephone: (916) 294-0002
Facsimile: (916) 294-0012

Attorneys for Plaintiffs and the Class

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| NICHOLE BROWNFIELD, an individual; and KIERA CHAMBERS, an individual, on behalf of themselves and all others similarly situated, ) ) ) ) | CASE NO. 2:09-CV-00444-JAM-GGH **CLASS ACTION** |
| Plaintiffs, ) | |
| vs. ) | **PLAINTIFFS' OPPOSITION TO DEFENDANT BAYER HEALTHCARE PHARMACEUTICALS INC.'S MOTION TO DISMISS COMPLAINT** |
| BAYER CORPORATION; BAYER HEALTHCARE PHARMACEUTICALS, INC.; BAYER PHARMACEUTICALS CORPORATION; BAYER HEALTHCARE, LLC; BAYER HEALTHCARE A.G.; BERLEX LABORATORIES, INC.; and DOES 1 through 50, inclusive, ) ) ) ) ) ) ) ) | Date: May 6, 2009 Time: 9:00 a.m. Ctrm.: 6 Judge: Hon. John A. Mendez |
| Defendants. ) | |

LINDSAY & STONEBARGER
A Professional Corporation

# TABLE OF CONTENTS

I.     INTRODUCTION ................................................................................................ 1

II.    SUMMARY OF FACTS AND ALLEGATIONS ............................................... 3

III.   LEGAL STANDARDS ...................................................................................... 5

     A.    Applicable Legal Standards on a Motion to Dismiss ............................ 5

     B.    Appropriate Pleading Standards ........................................................... 5

IV.   LAW & ARGUMENT......................................................................................... 6

     A.    Plaintiffs' Complaint Sufficiently Alleges Standing to Assert Claim For Defendant's Violations of the UCL, FAL, and CLRA ........................... 6

     B.    Plaintiffs' Complaint Does Not "Sound in Fraud" and Their Allegations Are Not Subject to the Heightened Pleading Standards of FRCP 9(b) ................. 7

          1.    Fraud Is Not an Essential Element For a Cause of Action under the CLRA, and Plaintiffs Have Plead the Requisite Elements for Their Cause of Action ...................................................................... 10

          2.    Fraud Is Not an Essential Element For a Cause of Action under the FAL, and Plaintiffs Have Plead the Requisite Elements for Their Cause of Action ...................................................................... 11

          3.    Fraud Is Not an Essential Element For a Cause of Action under the UCL, and Plaintiffs Have Plead the Requisite Elements for Their Cause of Action ...................................................................... 12

          4.    Even If the Court Determines FRCP 9(b) to Applicable, the Complaint Satisfies This Heightened Pleading Standard. ........................ 15

     C.    The Complaint Pleads A Cause Of Action For Negligent Misrepresentation.................................................................................. 16

     D.    Unjust Enrichment Is A Claim For Restitution - A Legally Cognizable Claim................................................................................................... 18

V.    CONCLUSION................................................................................................. 19

LINDSAY & STONEBARGER
A Professional Corporation

i

## TABLE OF AUTHORITIES

**Federal Cases**

Anunziato v. eMachines, Inc., 402 F.Supp.2d 1133 (C.D. Cal. 2005) ...................................... 8, 14

Bly-Magee v. California, 236 F.3d 1014 (9th Cir. 2001) ............................................................. 15

Brownlee v. Conine, 957 F.2d 353 (7th Cir. 1992) ................................................................... 6, 7

Chang v. Chen, 80 F.3d 1293 (9th Cir. 1996) ............................................................................. 5

Concha v. London, 62 F.3d 1493 (9th Cir. 1995) ...................................................................... 13

Cooper v. Pickett, 137 F.3d 616 (9th Cir. 1997) ....................................................................... 15

Erickson v. Pardus, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) ................................................. 7

Gilligan v. Jamco, Dev. Corp., 108 F.3d 246 (9th Cir. 1997) ..................................................... 6

Grabinski v. Nat'l Union Fire Ins. Co. of Pittsburgh, 2008 WL 266722, at *1
    (9th Cir. Jan. 29, 2008) ...................................................................................................... 5

Hall v. City of Santa Barbara, 833 F.2d 1270 (9th Cir. 1986) .................................................... 5

In re Lilco Sec. Litigation, 625 F.Supp.1500 (ED NY, 1986) .................................................... 16

Levine v. Diamanthuset, Inc., 950 F.2d 1478 (9th Cir. 1991) ..................................................... 5

Lujan v. National Wildlife Federation, 497 U.S. 871 (1990) .................................................. 5, 7

Meinhold v. Sprint Spectrum, L.P., 2007 WL 1456141 (E.D. Cal. May 16, 2007) ..................... 9

Multimedia Patent Trust v. Microsoft Corp., 525 F.Supp.2d 1200 (S.D. Cal. 2007) .................. 14

Nordberg v. Trilegiant Corporation a/k/a TRL Group, 445 F.Supp.2d 1082
    (N.D. Cal. 2006) ....................................................................................................... 10, 18

Qarbon.com Inc. v. eHelp Corp., 315 F.Supp.2d 1046 (N.D. Cal. 2004) .................................. 14

Swierkiewicz v. Sorema, N.A., 534 U.S. 506 (2002) ................................................................... 5

True v. Am. Honda Motor Co., Inc., 520 F.Supp.2d 1175 (C.D. Cal. 2007) ........................ 11, 15

United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc., 238 F.Supp.2d 258
    (D.C. 2002) ....................................................................................................................... 15

United States v. Intrados/Int'l Mgmt. Group, 265 F.Supp.2d 1 (D.C. 2002) .............................. 15

United States v. Redwood City, 640 F.2d 963 (9th Cir. 1981) ..................................................... 5

Vess v. Ciba-Geigy Corp., 317 F.3d 1097 (9th Cir. 2003) ................................................. passim

Warshaw v. Xoma Corp., 74 F.3d 955 (9th Cir. 1996) .............................................................. 15

LINDSAY & STONEBARGER
A Professional Corporation

Williams v. Gerber Products, 523 F.3d 934, 939 (9th Cir. 2008)......................................... 14

Williamson v. General Dynamics Corp., 208 F.3d 1144 (9th Cir. 2000)........................................ 5


**State Cases**

Alliance Mortgage Co. v. Rothwell, 10 Cal.4th 1226 (1995)....................................................... 17

Berryman v. Merit Property Management, Inc., 152 Cal.App.4th 1544 (2007)........................... 12

Blankenheim v. E.F. Hutton & Co., 217 Cal.App.3d 1463 (1990) ................................................ 17

Bradley vs. Hartford Accident and Indemnity Company, 30 Cal.App.3rd 818 (1973)............... 17

Broughton v. Cigna Healthplans, 21 Cal.4th 1066 (1999) .......................................................... 10

Californians for Disability Rights v. Mervyn's, LLC, 39 Cal.4th 223 (2006) ............................... 8

Cel-Tech Communs., Inc. v. Los Angeles Cellular Tel. Co., 20 Cal.4th 163 (1999).................. 13

Committee on Children's Television, Inc. v. Gen. Foods Corp., 35 Cal.3d 197
    n.11 (1983).................................................................................. 8, 10, 14, 16

Consumers Union of U.S., Inc. v. Alta-Dena Certified Dairy, 4 Cal.App.4th 963 (1992)........... 13

Dinosaur Development, Inc. v. White, 216 Cal.App.3d 1310 (1989) ......................................... 19

Frank v. Tavares, 142 Cal.App.2d 683 (1956) ........................................................................... 19

McKell v. Wash. Mut. Inc., 142 Cal.App.4th 1457 (2006). ..................................................... 13, 14

Melican v. Regents of University of California, 151 Cal.App.4th 168 (2007)............................. 16

O'Brien v. Camisasca Automotive Mfg., Inc., 161 Cal.App.4th 388 (2008).............................. 11

People v. Casa Blanca Convalescent Homes, Inc., 159 Cal.App.3d 509 (1984)........................ 13

People v. Superior Court, 9 Cal.3d 283 (1973) ........................................................................... 8

Prata v. Superior Court, 91 Cal.App.4th 1128 (2001) ................................................................. 11

Saunders v. Superior Court, 27 Cal.App.4th 832 (1994)..................................................... 12, 14, 18

State Farm v. Superior Court, 45 Cal.App.4th 1093 (1996)................................................... 12, 13

Turner vs. Milstien, 103 Cal.App.2nd 651 (1951)....................................................................... 17

Vasquez v. Superior Court, 4 Cal.3d 800 (1971)................................................................... 11, 13

Wilhelm v. Pray, 186 Cal.App.3d 1324 (1986) ........................................................................... 17

LINDSAY & STONEBARGER
A Professional Corporation

**Federal Statutes**

Federal Practice and Procedure § 1357 (3d ed. 2004) ...................................................... 5

Federal Rules of Civil Procedure § 8 ............................................................ 5, 11, 12

Federal Rules of Civil Procedure § 8(a)(2)..................................................... 5, 12

**State Statutes**

California Business & Professions Code § 17200 ......................................... 11, 12, 14

California Business and Professions Code § 17204 .................................................. 6

California Civil Code § 1760.................................................................. 10

California Civil Code § 1770.................................................................. 10

California Consumer Legal Remedies Act ..................................................... passim

California's Unfair Competition Law............................................................. passim

California's False Advertising Law.............................................................. passim

**Federal Rules**

Federal Rule of Civil Procedure 9(b).......................................................... passim

**Other Authorities**

Witkin, 5 California Procedure 4th Edition Section 670 ....................................... 17

1    Plaintiffs Nichole Brownfield and Kiera Chambers (hereinafter referred to collectively as

2    "Plaintiffs"), on behalf of themselves and all others similarly situated, hereby submit this

3    Opposition to Defendant Bayer Healthcare Pharmaceuticals, Inc.'s (hereinafter referred to as the

4    "Defendant") Motion to Dismiss Complaint (hereinafter referred to as the "Motion") as follows:

5

<div align="center">

**I.**

## INTRODUCTION

</div>

7    Ultimately, Defendant's Motion is based on the argument that Plaintiff's Class Action

8    Complaint (hereinafter referred to as the "Complaint") either does not plead the necessary

9    allegations to support each of their causes of action or, if it does, such allegations are not

10    sufficiently plead.  Such an argument is without legal or factual support.  Indeed, Defendant's

11    entire argument is based on its own strained interpretation of the Complaint, its selective reading

12    of various allegations, and its conscious ignorance of those allegations that clearly and

13    unequivocally defeat its arguments.  Further, Defendant's argument regarding the application of

14    a heightened pleading standard is without legal support and is, in fact, contrary to overwhelming

15    authority.  In sum, Plaintiffs' Complaint, when read and interpreted in its entirety, clearly alleges

16    each an every element necessary to plead each cause of action and does so with appropriate

17    amount of detail.  Thus, Defendant has presented no legal or factual grounds for this Court to

18    grant its Motion.

19    Defendant makes four arguments in support of its Motion.  None have merit.  First,

20    Defendant contends that Plaintiffs do not have standing to assert claims under California's

21    Unfair Competition Law (hereinafter referred to as the "UCL"), False Advertising Law

22    (hereinafter referred to as the "FAL"), or the Consumer Legal Remedies Act (hereinafter referred

23    to as the "CLRA") based on the erroneous belief that the Complaint fails to allege either

24    Plaintiff's respective reliance on the television advertisements or that said advertisements caused

25    either of their respective purchases of YAZ® prescriptions.  Based on the clear allegations in the

26    Complaint, Defendant's argument fails.  Indeed, in no uncertain terms, the Complaint alleges

27    that both Plaintiffs saw the challenged advertisements and relied on the misrepresentations

28    contained therein.  The Complaint further alleges that Plaintiffs were induced to purchase YAZ®

<div style="text-align:left; writing-mode:vertical;">LINDSAY & STONEBARGER<br>A Professional Corporation</div>

1   as a result of, and in reliance upon, the misrepresentations made in said advertisements and

2   suffered damages as a result.  Defendant's Motion fails to acknowledge any of these clear

3   allegations.  As a result, Defendant's argument in this regard fails as a matter of fact.

4          Defendant also contends that Plaintiffs' Complaint is subject to the heightened pleading

5   standard set forth in Federal Rule of Civil Procedure (hereinafter referred to as "FRCP") 9(b)

6   based on the argument that Plaintiffs' claims "sound in fraud."  Defendant's argument, though, is

7   contrary to an abundance of California and Federal authority which unequivocally hold that

8   claims brought under the UCL, CLRA, or FAL are not subject to the heightened pleading

9   standards of FRCP 9(b).  Thus, Defendant's argument is without legal support.  In any regard,

10  and as will be further explained below, Plaintiffs' Complaint alleges facts sufficient to meet the

11  heightened pleading requirements set forth in FRCP 9(b), despite its inapplicability.

12         In addition to those meritless and generally broad arguments set forth above, Defendant's

13  Motion also seeks to dismiss Plaintiffs' First Cause of Action for Negligent Misrepresentation

14  based on the argument that Plaintiffs have not alleged that the advertisements at issue in this

15  matter contained affirmative misrepresentations or that Defendant lacked reasonable grounds for

16  believing the misrepresentations set forth in the challenged advertisements to be true.  Again,

17  Defendant's argument is based on inordinately strained and clearly subjective interpretation of

18  the clear allegations set forth in the Complaint.  Indeed, this entire action is based on the

19  allegation that Defendant's advertisements misrepresent that YAZ is proven to be effective in

20  treating those symptoms associated with premenstrual disorder (hereinafter referred to as

21  "PMS") and all types and severities of acne – which it is not.  The Complaint goes into specific

22  detail as to these misrepresentations.  Simply because the Complaint also alleges the

23  advertisements omit material information does nothing to change the clear nature of the

24  allegations of direct and affirmative misrepresentations.  Further, the Complaint alleges that

25  Defendant made the alleged misrepresentations without a reasonable ground for believing them

26  to be true.  Thus, Defendant's Motion as to Plaintiffs' First Cause of Action is without merit.

27         Lastly, Defendant moves to dismiss Plaintiffs' Fifth Cause of Action for Unjust

28  Enrichment based on the erroneous belief that it is not a recognized cause of action.  Defendant

LINDSAY & STONEBARGER
A Professional Corporation

2:09-CV-00444-JAM-GGH            2      OPPOSITION TO MOTION TO DISMISS

1    is simply wrong.  California law has long-since recognized a cause of action for Unjust

2    Enrichment as being a claim for restitution, a claim cognizable under the law and undoubtedly

3    proper in this matter.  Thus, this Court should not entertain Defendant's mere "semantics

4    argument."

## II.

## SUMMARY OF FACTS AND ALLEGATIONS

7         Defendant develops, manufactures, markets and sells, vitamins, minerals, herbal,

8    nutritional supplements, consumer health products, and pharmaceutical products, including

9    YAZ.  Complaint, at ¶14[1].  Defendant's website claims YAZ is  "THE ONLY birth control

10   proven to treat emotional and physical symptoms of PMDD (Premenstrual Dysphoric Disorder)

11   that are severe enough to impact the lives of women who choose the Pill for contraception.  Plus,

12   YAZ with drsp is also proven to help treat moderate acne."[2]  ¶2.  PMDD is a disorder whose

13   hallmarks include markedly depressed mood, anxiety or tension, affective lability, and persistent

14   anger or irritability.  Other features of PMDD include decreased interest in usual activities,

15   difficulties concentrating, lack of energy, change in appetite or sleep, and feeling out of control.

16   As discussed in the FDA-approved product labeling (PL), a diagnosis of PMDD:

>               …markedly interferes with work or school, or with usual social
>               activities and relationships with others.  Diagnosis is made by
>               healthcare providers according to DSM-IV criteria, with
>               symptomatology assessed prospectively over at least two menstrual
>               cycles.  In making the diagnosis, care should be taken to rule out
>               other cyclical mood disorders.  ¶36.

21        As part of Defendant's marketing campaign designed to promote YAZ as a superior

22   product compared to other oral contraceptives, Defendant aired two television advertisements

23   (hereinafter referred to collectively as the "Ads").  ¶21.  The auditory statements, visuals, and

24   images contained in the Ads do not express the limitations of YAZ with regard to the treatment

25   of those symptoms associated with PMS or the treatment of various forms and severities of acne.

26   ¶¶41-45.  Specifically, the Ad entitled "Not Gonna Take It" states that: "YAZ is the only birth

---

[1] All further "¶__" citations shall refer to the Class Action Complaint filed on February 13, 2009.
[2] See http://www.yaz-us.com/home.jsp?WT.srch=1.

LINDSAY & STONEBARGER
A Professional Corporation

control proven to treat the emotional and physical premenstrual symptoms that are severe enough to impact your life. It can also help keep your skin clear." ¶26.  These verbal representations are accompanied by visual images of energetic, euphoric, playful women singing "We're Not Gonna Take It" as they kick, punch, and push words describing symptoms such as "IRRITABILITY," "MOODINESS," "BLOATING," and "FEELING ANXIOUS," away from the screen, followed by the claim "It's YAZ! And there's no other birth control like it."  The screen then displays a listing of symptoms including: irritability; increased appetite; moodiness; fatigue; feeling anxious; headaches; bloating; and muscle aches.  ¶32.  Similarly, the Ad entitled "Balloons" states that: "YAZ is the only birth control proven to treat the emotional and physical premenstrual symptoms that are severe enough to impact your life.  And it also helps keep skin clear." ¶27.  These verbal representations are accompanied by visual images of numerous balloons throughout the Ad with symptoms, such "IRRITABILITY," "MOODINESS," "FEELING ANXIOUS," "BLOATING," "FATIGUE," "MUSCLE ACHES," "HEADACHES," "INCREASED APPETITE," and "ACNE." ¶34.  The symptoms displayed by the Ads are commonly seen in women with PMS, which is a far less serious and more common condition than PMDD.  ¶35.

The Ads make material misrepresentations in that they display symptoms that are commonly seen in women with PMS, causing women to believe that YAZ is approved to treat women with any severity of the symptoms presented, regardless of whether their symptoms are severe enough to constitute PMDD. ¶38.  However, YAZ has not been evaluated for the treatment of PMS.  ¶23.

Further, the Ads also misleadingly suggest that YAZ is approved for the treatment of acne of all severities.  ¶42.  In "Not Gonna Take It", the word "ACNE" appears in large print in the middle of the screen along with the audio claim "It can also help keep your skin clear," which is accompanied by a close-up visual of a woman with completely clear skin.  ¶43. Similarly, in the Ad entitled "Balloons", the "ACNE" balloon is prominently displayed on the screen, as it floats by a smiling woman with obviously clear skin, along with the audio claim that YAZ "…also helps keep skin clear."  ¶44.  The aforementioned representations are false, and

LINDSAY & STONEBARGER
A Professional Corporation

1   cause women to believe that YAZ is indicated for acne of all severities when in fact it is not. ¶45.

2   ### III.

3   ### LEGAL STANDARDS

4   **A.    Applicable Legal Standards on a Motion to Dismiss**

5   "It is axiomatic that 'the motion to dismiss for failure to state a claim is viewed with

6   disfavor and is rarely granted.'" <u>Hall v. City of Santa Barbara</u>, 833 F.2d 1270, 1274 (9th Cir.

7   1986). Thus, "it is only the extraordinary case in which dismissal is proper." <u>United States v.</u>

8   <u>Redwood City</u>, 640 F.2d 963, 966 (9th Cir. 1981); 5 Charles Alan Wright & Arthur R. Miller,

9   Federal Practice and Procedure § 1357 (3d ed. 2004).  When considering a motion to dismiss, a

10  court must accept as true the complaint's allegations and construe them in the light most

11  favorable to the plaintiff.  <u>Grabinski v. Nat'l Union Fire Ins. Co. of Pittsburgh</u>, 2008 WL 266722,

12  at *1 (9th Cir. Jan. 29, 2008).  Dismissal of an action pursuant to Rule 12(b)(6) is appropriate

13  only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of the

14  claim that would entitle it to relief." <u>Williamson v. General Dynamics Corp.</u>, 208 F.3d 1144,

15  1149 (9th Cir. 2000); *see* <u>Levine v. Diamanthuset, Inc.</u>, 950 F.2d 1478, 1482 (9th Cir. 1991).

16  But a plaintiff need not prove specific facts indicating a right to relief since courts are to

17  "presume that general allegations embrace those specific facts that are necessary to support the

18  claim." <u>Lujan v. National Wildlife Federation</u>, 497 U.S. 871, 889 (1990).  "A court may dismiss

19  a complaint only if it is clear that no relief could be granted under any set of facts that could be

20  proved consistent with the allegations." <u>Swierkiewicz v. Sorema</u>, N.A., 534 U.S. 506, 507

21  (2002).  Where a motion to dismiss is granted, a district court should provide leave to amend,

22  unless it is clear that the complaint could not be saved by any amendment. <u>Chang v. Chen</u>, 80

23  F.3d 1293, 1296 (9th Cir. 1996).

24  **B.    Appropriate Pleading Standards**

25  FRCP 8(a)(2) provides that a complaint must include only "'a short and plain statement

26  of the claim showing that the pleader is entitled to relief.'" <u>Grabinski</u>, 2008 WL 266722, at *2;

27  *see also* <u>Kaisha v. Nat'l Health Trends Corp.</u>, 2005 WL 1041112, at *1 (C.D. Cal. Jan. 10,

28  2005); *accord* <u>Swierkiewicz</u>, 534 U.S. at 512 (*quoting* FRCP 8(a)(2)).  The "simplified notice

LINDSAY & STONEBARGER
A Professional Corporation

1    pleading standard relies on liberal discovery rules and summary judgment motions to define

2    disputed facts and issues and to dispose of unmeritorious claims." <u>Swierkiewicz</u>, 534 U.S. at

3    512.  As Judge Posner aptly put it:

> The Federal Rules of Civil Procedure establish a system of notice
> pleading rather than of fact pleading, so the happenstance that a
> complaint is "conclusory," whatever exactly that overused
> lawyers' cliché means, does not automatically condemn it. All the
> complaint need do to withstand a motion to dismiss for failure to
> state a claim is "outline or adumbrate" a violation of the statute or
> constitutional provision upon which the plaintiff relies, and
> connect the violation to the named defendants.

9    <u>Brownlee v. Conine</u>, 957 F.2d 353, 354 (7th Cir. 1992) (Posner, J.); *see also* <u>Gilligan v. Jamco,

10   Dev. Corp.</u>, 108 F.3d 246, 249 (9th Cir. 1997) ("The Rule 8 standard contains 'a powerful

11   presumption against rejecting pleadings for failure to state a claim.'").

### IV.

### LAW & ARGUMENT

**A.    Plaintiffs' Complaint Sufficiently Alleges Standing to Assert Claims For
Defendant's Violations of the UCL, FAL, and CLRA**

16   Defendant's Motion argues that Plaintiffs cannot maintain their causes of action under

17   the UCL, FAL, and CLRA based on the argument that the Complaint does not allege Plaintiffs'

18   respective standing to bring such claims.  Specifically, Defendant alleges that Plaintiffs

19   Complaint does not allege that either viewed the Ads prior to purchasing YAZ, purchased YAZ

20   in reliance on the misrepresentations contained therein, or were injured as a result of the Ads'

21   false statements.  Defendant's argument is not supported by the clear and unambiguous

22   allegations contained in the Complaint.

23   Proposition 64 amended California Business and Professions Code section 17204's

24   standing provision to require that a UCL plaintiff allege he suffered "injury in fact and has lost

25   money or property as a result of such unfair competition."  Plaintiffs' Complaint meets this

26   definition squarely, as the Complaint unequivocally alleges that Plaintiffs viewed the misleading

27   Ads, purchased their YAZ prescriptions in reliance on the direct misrepresentations and/or

28   omissions of material fact contained therein, and suffered various injuries in fact.  *See* ¶12

LINDSAY & STONEBARGER
A Professional Corporation

1  (Plaintiffs "relied upon, *inter alia*, the material misrepresentations and/or omissions which were

2  prepared and approved by Defendants and their agents and disseminated in those marketing and

3  advertising campaigns which promoted YAZ."); ¶77 ("Plaintiffs and the Class were induced to

4  purchase YAZ based on Defendants' misrepresentations and omissions of material fact."); ¶84

5  ("Plaintiffs and [*sic*] Class have been injured, including, but not limited to, the following:…(b)

6  Plaintiffs and the Class were induced to purchase YAZ from the Defendants, which they would

7  not have done had they been fully informed of Defendants' acts, omissions, misrepresentations,

8  practices, and nondisclosures as alleged in this Class Action Complaint…").

9       There is no doubt that the aforementioned allegations, which are incorporated by

10  reference throughout the Complaint, satisfy the standing requirements under the UCL.  Indeed,

11  Defendant' contention that Plaintiffs' have attempted to "skirt the standing issue" is not

12  supported by the clear allegations contained in the Complaint which Defendant's Motion fails to

13  address.  Further, Defendant's contention that the Complaint does not directly allege that

14  Plaintiffs made their respective purchases of YAZ based on Defendant's misrepresentations, is

15  incorrect and otherwise runs contrary to the liberal view this Court must take when interpreting

16  Plaintiffs' Complaint against this Motion. *See* Lujan, 497 U.S. at 889.  Defendant is certainly

17  aware what this case is about, and its argument to the contrary is simply not supported by the

18  direct allegations of the Complaint and the reasonable inferences drawn therefrom.  Erickson v.

19  Pardus, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); Brownlee, 957 F.2d at 354. Thus,

20  Plaintiffs' Complaint sufficiently alleges standing for Plaintiffs' to assert claims under the UCL,

21  FAL, and CLRA.

22  **B.    Plaintiffs' Complaint Is Not Subject to the Heightened Pleading Standards of
         FRCP 9(b)**

23

24       In an effort to do an end run around the California Legislature's clear intent, and

25  California courts' clear interpretation of the UCL, FAL, and CLRA to protect consumers such as

26  Plaintiffs, Defendant mistakenly and misleadingly argues that FRCP 9(b)'s pleading

27  requirements govern Plaintiffs' UCL, FAL, and CLRA claims.  Defendant's argument, though, is

28  directly contrary to California Supreme Court case law holding that plaintiffs need not meet

LINDSAY & STONEBARGER
A Professional Corporation

1  FRCP 9(b)'s heightened pleading standards for such claims.

2       The California Supreme Court has consistently interpreted claims under consumer

3  protection statutes broadly to sustain consumer claims without requiring they be plead with

4  heightened particularity.  See People v. Superior Court, 9 Cal.3d 283, 287-88 (1973) (issues

5  relating to when, where or whom constituted evidentiary facts that need not be pleaded);

6  Committee on Children's Television, Inc. v. Gen. Foods Corp., 35 Cal.3d 197, 211-12 n.11

7  (1983).  ("The requirement that fraud be pleaded with specificity...does not apply to causes of

8  action under the consumer protection statutes.").  In 2006, the California Supreme Court

9  specifically re-affirmed the substantive rules of California's consumer protection statutes when

10  addressing the impact of Proposition 64. Californians for Disability Rights v. Mervyn's, LLC, 39

11  Cal.4th 223, 232 (2006)("[Proposition 64 leaves] entirely unchanged the substantive rules

12  governing business and competitive conduct. Nothing a business might lawfully do before

13  Proposition 64 is unlawful now, and nothing earlier forbidden is now permitted."); see Anunziato

14  v. eMachines, Inc., 402 F.Supp.2d 1133, 1138 (C.D. Cal. 2005) ("[C]onstruction of [Prop. 64]

15  that reduced [the UCL] to common law fraud would not only be redundant, but would eviscerate

16  any purpose that the UCL and FAL have independent of common law fraud.").

17       Here, not only does Defendant's contention stand in stark contradiction to an abundance

18  of controlling legal authority interpreting the pleading requirements under the UCL, FAL, and

19  CLRA, it also disregards the fact that, by its own terms, FRCP 9(b) applies only to allegations of

20  fraud. See Fed. R. Civ. P. 9(b) (limiting application to "In alleging fraud or mistake…"). "The

21  text of Rule 9(b) requires only that in 'all averments of fraud...the circumstances constituting

22  fraud...shall be stated with particularity.'  The rule does not require that allegations supporting a

23  claim be stated with particularity when those allegations describe non-fraudulent conduct." Vess

24  v. Ciba-Geigy Corp., 317 F.3d 1097, 1104, 1106 (9th Cir. 2003).  In Vess, defendants argued, as

25  they do here, that plaintiff's CLRA and UCL claims were subject to FRCP 9(b) because the

26  complaint alleged a fraudulent conspiracy to increase the market price of the prescription drug

27  Ritalin. Vess, 317 F.3d at 1101. In rejecting defendants' argument, the Ninth Circuit held that,

28  "where fraud is not an essential element of a claim, only allegations ('averments') of fraudulent

LINDSAY & STONEBARGER
A Professional Corporation

1   conduct must satisfy the heightened pleading requirements of Rule 9(b)." Id. at 1105.  Further, if

2   particular averments of fraud are insufficiently pled under Rule 9(b), the court "should

3   'disregard' those averments, or 'strip' them from the claim. The court should then examine the

4   allegations that remain to determine whether they state a claim." Id.  Finding that plaintiff had

5   plead alternative theories of negligence in the complaint, the Court found that his claims were

6   not "grounded in fraud" and reversed the district court's dismissal of the claims. Id. at 1106.

7        Defendant's reliance on Meinhold v. Sprint Spectrum, L.P., 2007 WL 1456141 (E.D. Cal.

8   May 16, 2007) is misplaced.  As an initial matter, it is important to note that Meinhold is a *non-*

9   *published* district court order, and, as a non-binding authority on this Court, should carry little if

10  any weight.  In any regard, Meinhold is factually distinguishable from the present case and is

11  contrary to the Ninth Circuit's holding in Vess.  In Meinhold, the district court granted the

12  defendant's motion to dismiss based on the finding that "Plaintiff's allegations relating to her

13  claim…provide that defendant made representations *that it knew or should have known were*

14  *untrue or misleading*." Meinhold, 2007 WL 1456141 *6.  Accordingly, the Court found that

15  FRCP 9(b)'s pleading requirements were applicable as plaintiff's allegations "necessarily imply

16  fraud by defendant." Id.  Plaintiffs' Complaint contains no such allegations.  In fact, Plaintiffs'

17  allegations are among the genus identified by the Vess court as being non-fraudulent.

18  Specifically, in Vess, the Court found that the following allegation, among others, was non-

19  fraudulent and not subject to FRCP 9(b): that the defendant "failed to disclose the limited

20  effectiveness of its product." Vess, 317 F.3d at 1106.  A strikingly similar allegation makes up

21  the entire basis of Plaintiffs' Complaint.  Indeed, Plaintiffs allege that the Ads are misleading due

22  to the fact that based on their totality, the Ads misrepresent that YAZ is proven <u>effective</u> in

23  treating those symptoms associated with PMS and all forms of acne when Defendant possessed

24  no reasonable grounds for such an assertion of fact to be true. ¶¶3; 4; 21; 26; 27; 28; 29; 38; 41;

25  45; 46-48; 54-55; 59; 61; and 64. Thus, based on Vess, FRCP 9(b) is inapplicable in this case.

26  / / /

27  / / /

28  / / /

LINDSAY & STONEBARGER
A Professional Corporation

**1.** **Fraud Is Not an Essential Element For a Cause of Action under the CLRA, and Plaintiffs Have Plead the Requisite Elements for Their Cause of Action**

In this case, Plaintiffs' Second Cause of Action alleges Defendant's violations of the CLRA. The CLRA was enacted in an attempt to alleviate social and economic problems stemming from deceptive business practices, which were identified in the 1969 Report of the National Advisory Commission on Civil Disorders. <u>Broughton v. Cigna Healthplans</u>, 21 Cal.4th 1066, 1077 (1999). Section 1760 of the CLRA demonstrates that the legislative intent was not to mimic the rigorous pleading requirements for common law claims but rather:

> The title shall be liberally construed and applied to promote its underlying purposes, which are to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection.

Cal. Civ. Code § 1760.

Despite Defendant's representations to the contrary, the fact of the matter is that Rule 9(b) is not strictly applicable to the current action as the CLRA is not a fraud statute. As noted by the court in <u>Vess</u>, "fraud is not an essential element of a claim under [California Civil Code § 1770]." <u>Vess</u>, 317 F.3d at 1105. The recent decision in <u>Nordberg v. Trilegiant Corporation a/k/a TRL Group</u>, 445 F.Supp.2d 1082 (N.D. Cal. 2006) provides an excellent summary of this standard. As set forth in <u>Nordberg</u>, "Rule 9(b) is not strictly applicable to the CLRA because is not a fraud statute…To require that plaintiffs prove more than the statute itself requires would undercut the intent of the legislature in creating a remedy separate and apart from common-law fraud." <u>Id</u>. at 1097. In this case, notwithstanding the fact that the Complaint references the word "fraudulent" as a descriptive term for Defendant's action, it is undeniable that Plaintiff does *not* allege any fraud related cause of action (*e.g.,* intentional misrepresentation, concealment, deceit, etc.). Rather, Plaintiffs allege a cause of action for negligent misrepresentation – a cause of action that need not be plead with the same specificity as fraud. *See* <u>Nordberg</u>, 445 F. Supp. 2d at 1097 (Plaintiffs who allege misrepresentation pursuant to the CLRA "are not required to plead fraud with particularity but must merely demonstrate that the misrepresentation resulted in harm."); <u>Committee on Children's TV</u>, 35 Cal. 3d at 211.

LINDSAY & STONEBARGER
A Professional Corporation

Based on the foregoing authorities, it is clear that FRCP 9(b) is inapplicable to Plaintiffs' CLRA cause of action.  Thus, Plaintiffs need only plead the requisite elements of the CLRA under the standard notice-pleading set forth in FRCP 8.  The Complaint easily meets this standard.  The Complaint clearly alleges that Defendant's Ads "represent[ed] that YAZ has sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which it does not have or that Defendants have a sponsorship, approval, status, affiliation, or connection which it does not have." ¶82.   Moreover, the Complaint alleges that Plaintiffs relied upon the false and deceptive representations made by Defendants when purchasing their respective YAZ prescriptions. ¶77.[3]  And suffered cognizable injury by, *inter alia*, being induced to purchase YAZ from the Defendants, which they would not have done had they been fully informed of Defendants' acts, omissions, misrepresentations, practices, and nondisclosures as alleged in this Class Action Complaint…" ¶84.  Thus, the Complaint pleads a cause of action under the CLRA.

### 2.    Fraud Is Not an Essential Element For a Cause of Action under the FAL, and Plaintiffs Have Plead the Requisite Elements for Their Cause of Action

The FAL, codified as California Business and Professions Code Section 17500 *et seq.*, "prohibits consumer deception." *See* O'Brien v. Camisasca Automotive Mfg., Inc., 161 Cal.App.4th 388, 397 (2008).  In bringing a claim under the FAL, a plaintiff must allege that "(1) he or she has suffered actual injury in fact, and (2) such injury occurred as a result of the defendant's alleged unfair competition or false advertising...For a plaintiff to suffer 'injury in fact...as a result of' the alleged unfair business practice or false advertising,...the plaintiff must have actually relied on the false advertising or unfair business practice, and as a result, suffered injury therefrom." Id. at 400.  The FAL – like the UCL – imposes strict liability for its violations. Prata v. Superior Court, 91 Cal.App.4th 1128, 1137, 1144 (2001) ("'By their breadth, [sections 17200 and 17500] encompass not only those advertisements which have deceived or misled because they are untrue, but also those which may be accurate on some level, but will

---

[3] *See* Vasquez v. Superior Court, 4 Cal.3d 800, 814 (1971); True v. Am. Honda Motor Co., Inc., 520 F.Supp.2d 1175, 1182-83 (C.D. Cal. 2007) ("Thus, under the CLRA, as well as the UCL and FAL, a plaintiff satisfies the reliance element with an allegation that a false or deceptive advertisement 'induced the plaintiff to alter his position to his detriment.'").

LINDSAY & STONEBARGER
A Professional Corporation

1   nonetheless tend to mislead or deceive.'")(alteration in original).  Importantly, as noted by the

2   <u>Vess</u> court, "[f]raud is not an essential element of a claim under [the] statutes [at issue in the

3   case]." <u>Id.</u> 317 F.3d at 1105 (specifically addressing causes of action alleging violations of the

4   FAL). As a result, the Complaint need only allege those elements set forth above under FRCP

5   8(a)(2) – a standard certainly satisfied in this case.

6          Here, the specific allegations of the Complaint, which are incorporated into Plaintiffs'

7   FAL cause of action by reference, provide that: (i) Plaintiffs viewed the misleading Ads, and

8   relied on the direct misrepresentations and/or omissions of material fact contained therein (¶12);

9   (ii) were induced to purchase YAZ based upon the misrepresentations contained in Defendant's

10  Ads (¶77); and (iii) suffered injury therefrom, in that they were induced to, and did, purchase

11  YAZ from Defendant, which they would not have done had they been fully informed of

12  Defendants' acts, omissions, misrepresentations, practices, and nondisclosures (¶84). Thus, the

13  Complaint clearly and adequately alleges violations of the FAL.

14          **3.      Fraud Is Not an Essential Element For a Cause of Action under the UCL,**
15          **and Plaintiffs Have Plead the Requisite Elements for Their Cause of Action**

16          Contrary to Defendant's position, UCL causes of action do not need to meet the

17  heightened pleading requirements set forth in FRCP 9(b) because the term "fraudulent" as used

18  in the UCL does not refer to the common law tort of fraud.  <u>Saunders v. Superior Court</u>, 27

19  Cal.App.4th 832, 839 (1994).  In fact, the fraud contemplated by the UCL bears little

20  resemblance to common-law fraud.  <u>State Farm v. Superior Court</u>, 45 Cal.App.4th 1093, 1105

21  (1996). "'Unlike common law fraud, a [section 17200] violation can be shown even without

22  allegations of actual deception, reasonable reliance and damage.'[Citation.]" <u>Berryman v. Merit</u>

23  <u>Property Management, Inc.</u>, 152 Cal.App.4th 1544, 1556 (2007). As a result, it is no wonder that,

24  as noted by the <u>Vess</u> court, "[f]raud is not an essential element of a claim under [the] statutes [at

25  issue in the case]." <u>Id.</u> 317 F.3d at 1105 (specifically addressing causes of action alleging

26  violations of the UCL).

27          As California courts have recognized, "the primary purpose of the [UCL]...is to protect

28  the public from unscrupulous business practices."  <u>Consumers Union of U.S., Inc. v. Alta-Dena</u>

LINDSAY & STONEBARGER
A Professional Corporation

LINDSAY & STONEBARGER
A Professional Corporation

1   Certified Dairy, 4 Cal.App.4th 963, 975 (1992).  The UCL has four distinct "prongs": (i) unfair

2   conduct; (ii) unlawful conduct; (iii) fraudulent conduct; and (iv) false advertising. A business

3   practice need only meet one of the prongs to violate the UCL.  McKell v. Wash. Mut. Inc., 142

4   Cal.App.4th 1457, 1471 (2006).

5          California courts have interpreted "unfair" conduct to be established by weighing the

6   "utility of the defendant's conduct against the gravity of the harm to the alleged victim." State

7   Farm Fire & Cas. Co., 45 Cal. App. 4th at 1104 (1996). A business practice is "unfair" when it

8   offends an established public policy or when the practice is immoral, unethical, oppressive,

9   unscrupulous or substantially injurious to consumers.  People v. Casa Blanca Convalescent

10  Homes, Inc., 159 Cal.App.3d 509, 530 (1984).  False advertising has no utility and never

11  constitutes a justified business practice. Vasquez, 4 Cal. 3d at 808.  Plaintiffs set forth numerous

12  reasons why Defendants' conduct is "unfair" - none of the reasons are fraud based.  Specifically,

13  Plaintiffs' Complaint alleges that Defendant have committed "unfair" acts as a result of their

14  misrepresentations regarding the efficacy or approval of YAZ for the treatment of those

15  symptoms associated with PMS.  ¶¶3; 26; 59; 61.  These allegations and the conduct alleged in

16  support thereof are not grounded in fraud as they do not arise from Plaintiffs' reliance on

17  Defendant's "false representations of material fact, made with knowledge of falsity and the intent

18  to deceive." Concha v. London, 62 F.3d 1493, 1503 (9th Cir. 1995); Vess, 317 F.3d at 1105-06

19  (allegations in a complaint for violations of the UCL and CLRA that defendant failed to disclose

20  the limited effectiveness of Ritalin did not sound in fraud and it was error for the district court to

21  apply FRCP 9(b) standard to them); see also ¶75.

22         California courts have also defined "unlawful" business practices within the meaning of

23  the UCL to "'include anything that can be properly called a business practice and that at the

24  same time is forbidden by law.'" McKell, 142 Cal.App.4th at 1474 (citing Cel-Tech Communs.,

25  Inc. v. Los Angeles Cellular Tel. Co., 20 Cal.4th 163, 180 (1999)).  The UCL therefore permits

26  violations of other laws to be treated as unfair competition that is independently actionable.

27  McKell, 142 Cal. App. 4th at 1474-75 (even if the underlying law does not afford a private right

28  of action it is actionable under the UCL). A violation of the underlying law is a per se violation

1  of the UCL.  Saunders, 27 Cal. App. 4th at 838-39.  Here, Plaintiffs allege that the unlawful

2  predicate acts are violations of the CLRA, the FAL, and common law. Even if FRCP 9(b)

3  applied to UCL claims grounded in fraud, which it does not, none of the alleged violations of law

4  or averments are fraud-based. ¶¶73-80.  Because, as discussed herein, Plaintiffs properly allege

5  the aforementioned violations of law, the UCL unlawful counts and averments must stand.

6          The UCL similarly prohibits "unfair, deceptive, untrue or misleading advertising."  Cal.

7  Bus. & Prof. Code § 17200. Advertising is broadly defined to include virtually any statement

8  made in connection with the sale of goods or services, including statements and pictures on

9  labels. Williams v. Gerber Products, 523 F.3d 934, 939 (9th Cir. 2008), as modified, Williams v.

10 Gerber Products 552 F.3d 934.  Plaintiffs' UCL false advertising allegations are not fraud-based.

11 ¶73-80; ¶89-92; see also Anunziato, 402 F.Supp.2d at 1138 (UCL false advertising claims can be

12 asserted without implicating FRCP 9(b)'s fraud requirements); Multimedia Patent Trust v.

13 Microsoft Corp., 525 F.Supp.2d 1200, 1217-18 (S.D. Cal. 2007).  Thus, Plaintiff has adequately

14 alleged a cause of action under the UCL for Defendant's false advertising.

15         Courts have likewise held that FRCP 9(b) does not apply to the "fraudulent" prong of the

16 UCL. Qarbon.com Inc. v. eHelp Corp., 315 F.Supp.2d 1046, 1052 (N.D. Cal. 2004). Defendants

17 would have this Court impose FRCP 9(b) standards simply because Plaintiffs allege violations of

18 the UCL's fraudulent prong.  This contention lacks legal merit.  See Id; Committee on Children's

19 TV, 35 Cal. 3d at 211.  "When an unfair competition claim is based on an alleged fraudulent

20 business practice...'a plaintiff need not plead the exact language of every deceptive statement; it

21 is sufficient for [the] plaintiff to describe a scheme to mislead customers, and allege that each

22 misrepresentation to each customer conforms to that scheme.'" Id. at 212-13.  The allegation

23 'may be based on representations to the public which are untrue, and "'also those which may be

24 accurate on some level, but will nonetheless tend to mislead or deceive...A perfectly true

25 statement couched in such a manner that it is likely to mislead or deceive the consumer, such as

26 by failure to disclose other relevant information, is actionable under'" [section 17200]." McKell,

27 142 Cal.App.4th at 1471.  In this case, Plaintiffs' Complaint specifically alleges a scheme to

28 mislead purchasers of YAZ by and through the misrepresentations contained in the Ads.  This is

LINDSAY & STONEBARGER
A Professional Corporation

1   completely sufficient to state a cause of action under the "fraudulent" prong of the UCL.  Thus,

2   Plaintiffs' UCL claims are sufficiently plead.

3       **4.**    **Even If the Court Determines FRCP 9(b) to be Applicable, the Complaint Satisfies This Heightened Pleading Standard.**

4

5           Rule 9(b) only requires that allegations regarding the circumstances constituting the fraud

6   be "specific enough to give defendants notice of the particular misconduct which is alleged to

7   constitute the fraud charged so that they can defend against the charge and not just deny that they

8   have done anything wrong." <u>Bly-Magee v. California</u>, 236 F.3d 1014, 1019 (9th Cir. 2001); *see*

9   <u>Warshaw v. Xoma Corp.</u>, 74 F.3d 955, 960 (9th Cir. 1996) ("a pleading is sufficient under Rule

10  9(b) if it identifies the circumstances of the alleged fraud so that the defendant can prepare an

11  adequate answer."); <u>Cooper v. Pickett</u>, 137 F.3d 616, 625 (9th Cir. 1997) (Plaintiff need only

12  "set forth what is false or misleading about a statement and why it is false"). This is especially

13  true where, as here, the complaint alleges thousands of misrepresentations over several years.

14  *See, e.g.,* <u>United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.</u>, 238 F.Supp.2d

15  258, 269 (D.C. 2002) (particularity requirement relaxed given complexity of scheme); <u>United

16  States v. Intrados/Int'l Mgmt. Group</u>, 265 F.Supp.2d 1, 2-3 (D.C. 2002)(same); <u>Cooper</u>, 137 F.3d

17  at 627.

18          In this case, there is little question that the Complaint's allegations are sufficient to give

19  Defendant fair notice of the conduct that forms the basis of his claims. <u>Vess</u>, 317 F.3d at 1106.

20  While the 29-page Complaint is certainly more detailed, Plaintiffs allege that between 2007 and

21  2009 (when), Defendants (who) through the airing of nation-wide television advertisements

22  (how) to consumers throughout the United States (where) misrepresented that YAZ is proven

23  <u>effective</u> in treating those symptoms associated with PMS and all forms of acne when in fact it

24  was not (what). This is sufficient to meet the requisite pleading requirements under FRCP 9(b).

25  <u>True</u>, 520 F. Supp. 2d 1175, 1183 (C.D. Cal. 2007).  Thus, despite its inapplicability, Plaintiffs'

26  Complaint satisfies the pleading standard of FRCP 9(b).

27  / / /

28  / / /

LINDSAY & STONEBARGER
A Professional Corporation

### C.    The Complaint Pleads A Cause Of Action For Negligent Misrepresentation

Defendant's Motion contends Plaintiffs' First Cause of Action for Negligent Misrepresentation must be dismissed based on the argument that the Complaint does not plead each element necessary to maintain such a cause of action. Defendant's argument is without merit. Indeed, Defendant's argument ignores the clear allegations of the Complaint which plainly allege each element to maintain a cause of action for Negligent Misrepresentation.[4]

Defendant argues that Plaintiff's Negligent Misrepresentation claim improperly relies on alleged omissions and implications. Not true. Though the Complaint does allege that Defendant's Ads omitted material information, the Complaint is chock-full of allegations of direct misrepresentations of material fact. Specifically, among others, Plaintiffs allege that Defendant made the following misrepresentations: (i) the Ads "unlawfully advertise and promote YAZ as being effective in treating those symptoms associated with PMS, and thus, encourage the use of YAZ in circumstances other than those in which the drug has been approved and over-promise the benefits of the drug." ¶21; (iii) "YAZ is the only birth control proven to treat the emotional and physical premenstrual symptoms that are severe enough to impact your life. It can also help keep your skin clear." ¶26; (iii) "YAZ is the only birth control proven to treat the emotional and physical premenstrual symptoms that are severe enough to impact your life. And it also helps keep skin clear." ¶27. *See also* ¶3; ¶12; ¶29; ¶41; ¶42. Further, the Complaint also alleges that Defendant's misrepresentations in the Ads are not limited to those actual auditory statements, but also misrepresent the indication and efficacy of YAZ on PMS and acne through the use of overwhelming visual imagery and presentations. ¶41. Whether or not these visual words and images constitute a misrepresentation, though, is a question of fact not suitable for determination in this Motion. *See* <u>Committee on Children's TV</u>, 35 Cal. 3d at 214 ("Defendants'

---

[4] Defendant does not argue that Plaintiffs' Negligent Misrepresentation claim is subject to the heightened pleading standards of FRCP 9(b). Indeed, any such argument would prove futile as negligent misrepresentation need not be pleaded specifically as in the case of fraud. <u>In re Lilco Sec. Litigation</u>, 625 F.Supp.1500, 1504 (E.D.N.Y., 1986) (a negligent misrepresentation claim is not subject to the heightened pleading standard of Federal Rule 9 since negligent misrepresentation does not entail a scienter element). This is because a fraud claim involves an attack on the defendant's character (*see* <u>Committee on Children's TV</u>, 35 Cal. 3d at 216) whereas a negligent misrepresentation claim entails no such attack or element of scienter. *See* <u>Melican v. Regents of University of California</u>, 151 Cal.App.4th 168, 181 (2007).

LINDSAY & STONEBARGER
A Professional Corporation

1   contention that the words and images used do not constitute such misrepresentations, and did not

2   conceal material facts, frames an issue for trial, not demurrer.")

3       Defendant's other arguments also fail once all other allegations of the Complaint are

4   considered.  Indeed, Defendant's contention that the Complaint insufficiently alleges that

5   Defendant made the foregoing misrepresentations without reasonable grounds for believing them

6   to be true, ignores the fact that the law does not require Plaintiff to plead specific facts as to such

7   an element, as those facts are in the sole possession of the Defendant.  Courts have repeatedly

8   held that less specificity is required "when it appears from the nature of the allegations that the

9   Defendant must necessarily possess full information concerning the facts of the controversy."

10   Bradley vs. Hartford Accident and Indemnity Company, 30 Cal.App.3d. 818, 825 (1973). "Even

11   under the strict rules of common law pleading, one of the canons is that less particularity is

12   required when the facts lie more in the in the knowledge of the opposing party ..." Turner vs.

13   Milstien, 103 Cal.App.2d. 651, 658 (1951); *see also* Witkin, 5 California Procedure 4th Edition

14   Section 670  ("Courts *should not look askance at the Complaint, and seek to absolve the*

15   *Defendant from liability on highly technical requirements of form in pleading.* Pleading facts in

16   ordinary and concise language is as permissible in *fraud cases* as in any others, and liberal

17   construction of the pleading is as much a duty of the Court in these as in other cases.")(emphasis

18   added).

19       Defendant's argument that the Complaint does not adequately plead justifiable reliance is

20   likewise legally untenable.  The Complaint sufficiently alleges that Plaintiffs' relied upon

21   Defendant's misrepresentations in the Ads.  ¶12.  This is all that is required at this point in the

22   litigation as determining whether Plaintiff's reliance was justifiable requires an examination as to

23   whether the circumstances were such to make it reasonable for Plaintiffs to accept Defendant's

24   statements without an independent inquiry or investigation.  Wilhelm v. Pray, 186 Cal.App.3d

25   1324, 1332 (1986). Clearly, this is a question of fact not appropriate for resolution in this

26   Motion.  *See* Alliance Mortgage Co. v. Rothwell, 10 Cal.4th 1226, 1239 (1995)(*quoting*

27   Blankenheim v. E.F. Hutton & Co., 217 Cal.App.3d 1463, 1475 (1990).  As a result, given the

28   totality of the Complaint's allegations and the nature of Defendant's business, Plaintiffs'

LINDSAY & STONEBARGER
A Professional Corporation

LINDSAY & STONEBARGER
A Professional Corporation

1   Complaint adequately alleges justifiable reliance.

2       Defendant lastly argues that Plaintiffs' Complaint does not adequately allege they

3   sustained damages based on the contention that the Complaint does not allege facts that they did

4   not receive the full benefit for which they purchased YAZ.  Defendant is wrong.  Plaintiffs do in

5   fact allege they suffered damages as a result of Defendant's misrepresentations.  ¶79.

6   Specifically, Plaintiffs allege that "Plaintiffs and Class members have paid a premium price for

7   an oral contraceptive (and the doctor visits necessary to obtain prescriptions for YAZ) that is not

8   a premium or superior product over equally available and less expensive oral contraceptives or

9   other forms of birth control." ¶63.  And further, that if "Defendants had not engaged in the

10  wrongful marketing, advertising, and promotion of YAZ, Plaintiffs and the Class would have

11  paid for other, equally effective and less expensive oral contraceptives or alternative forms of

12  birth control.  Had the truth been told about YAZ's approval and efficacy in treating those

13  symptoms associated with PMS and acne, YAZ would have sold at a price similar to that of other

14  forms of oral contraceptives." ¶64.  These allegations clearly show that Plaintiffs have suffered

15  damages and did not receive the full benefits which were represented to them in the Ads, as they

16  paid a premium price for a product that did not – and could not – deliver the results that

17  Defendant's Ads represented.

18      **D.    Unjust Enrichment Is A Claim For Restitution - A Legally Cognizable Claim**

19      Unjust Enrichment is one way of stating a claim for restitution. <u>Dinosaur Development,</u>

20  <u>Inc. v. White</u>, 216 Cal.App.3d 1310, 1315.  Indeed, a recent California federal decision notes that

21  those courts which have stated that there is not a separate cause of action for unjust enrichment

22  are engaging in essentially "semantic arguments" since the claim can be understood to be one for

23  restitution. See <u>Nordberg</u>, 445 F. Supp. 2d at 1100.  Here, this Court should ignore any potential

24  "[e]rroneous or confusing labels ... if the complaint pleads facts which would entitle the plaintiff

25  to relief." <u>Saunders v. Cariss</u>, (1990) 224 Cal. App. 3d 905, 908 (1990).  By looking at the actual

26  gravamen of Plaintiffs' Complaint, it is clear that the Fifth Cause of Action for Unjust

27  Enrichment sufficiently states a claim for Restitution.

28  / / /

---

1   There is "no particular form of pleading necessary" to invoke the doctrine of restitution.

2   Dinosaur Development, Inc, 216 Cal.App.3d at 1315 (1989)(quoting Frank v. Tavares, 142

3   Cal.App.2d 683, 689 (1956)).  Plaintiffs seek restitution based on the fact that Defendant was

4   unjustly enriched; whether one calls this an action for restitution or an action for unjust

5   enrichment, the underlying violation remains the same. Defendant does not show any failure to

6   plead the elements of a cause of action for restitution.  Such an argument would be futile, as

7   Plaintiffs did so by alleging that Defendant unjustly received, retained, or appropriated Plaintiffs'

8   money in the form of their respective YAZ purchases. See Dinosaur Development, 216

9   Cal.App.3d at 1315; ¶94-95.  Accordingly, Defendants Motion should be denied.

**V.**

**CONCLUSION**

Based on the foregoing, Plaintiffs respectfully request that Defendant's Motion be

denied.  In the alternative, Plaintiffs request leave to amend to address any pleading deficiencies.

Dated:  April 22, 2009                          LINDSAY & STONEBARGER

By:   /s/ Gene J. Stonebarger
      Gene J. Stonebarger
      E-mail: gstonebarger@lindstonelaw.com
      Richard D. Lambert
      E-mail: rlambert@lindstonelaw.com
      Attorneys for Plaintiffs and the Class