IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLE BROWNFIELD, an individual; and KIERA CHAMBERS, an individual, on behalf of themselves and all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>BAYER CORPORATION; BAYER HEALTHCARE PHARMACEUTICALS, INC.; BAYER PHARMACEUTICALS CORPORATION; BAYER HEALTHCARE, LLC; BAYER HEALTHCARE A.G.; BERLEX LABORATROIES, INC.; and DOES 1 through 50, inclusive,<br><br>　　　　Defendants.<br>_____/ | Case No. 2:09-cv-00444-JAM-GGH<br><br><u>ORDER GRANTING DEFENDANT BAYER HEALTHCARE PHARMACEUTICALS INC.'S MOTION TO DISMISS COMPLAINT</u> |

　　This matter comes before the Court on Defendant Bayer HealthCare Pharmaceuticals, Inc.'s ("Bayer") motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil

1

Procedure.[1]  Plaintiffs Nichole Brownfield and Kiera Chambers ("Plaintiffs") oppose the motion.  For the reasons set forth below, Defendant's motion is GRANTED.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Bayer markets and sells consumer health products and pharmaceutical products, including YAZ®.  Plaintiffs' Complaint, Doc. # 1, ("Compl.") ¶ 14.  YAZ® is a prescription medication, approved by the Food and Drug Administration ("FDA") for use as an oral contraceptive, as a treatment for symptoms of premenstrual dysphoric disorder ("PMDD") in women who use oral contraceptives, and for the treatment of moderate acne in women who use oral contraceptives. Compl., Ex. B.  At issue in this case are specific television commercials presented by Bayer to members of the public with respect to YAZ®.  Compl. ¶ 21.

Plaintiffs allege the auditory statements, visuals, and images contained in the Ads do not express the limitations of YAZ® with regard to the treatment of those symptoms associated with Pre-menstrual Syndrome ("PMS") or the treatment of various forms and severities of acne.  Id. ¶¶ 41-45.  Specifically, Plaintiffs challenge two Ads entitled "Not Gonna Take It" and "Balloons."  In the Ad "Not Gonna Take It" it states: "YAZ® is

---

[1]   Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. L.R. 78-230(h).

the only birth control proven to treat the emotional and physical premenstrual symptoms that are severe enough to impact your life.  It can also help keep your skin clear." Id. ¶ 26. These verbal representations are accompanied by visual images of energetic women singing "We're Not Gonna Take It" as they kick, punch, and push words describing symptoms such as "IRRITABILITY," "MOODINESS," "BLOATING," and "FEELING ANXIOUS," away from the screen, followed by the claim "It's YAZ®! And there's no other birth control like it."  The screen then displays a listing of symptoms including: irritability; increased appetite; moodiness; fatigue; feeling anxious; headaches; bloating; and muscle aches. Id. ¶ 32.  Accompanying the list of symptoms is a statement on the screen which states, "YAZ® treats PMDD.  Symptoms include: [list of symptoms].  PMDD is a mood disorder related to the menstrual cycle."  Compl. Ex. B.

 Similarly, the Ad entitled "Balloons" states that "YAZ® is the only birth control proven to treat the emotional and physical premenstrual symptoms that are severe enough to impact your life.  And it also helps keep your skin clear." Id. ¶ 27. These verbal representations are accompanied by visual images of numerous balloons throughout the Ad with symptoms, such as "IRRITABILITY," "MOODINESS," "FEELING ANXIOUS," "BLOATING," "FATIGUE," "MUSCLE ACHES," "HEADACHES," "INCREASED APPETITE,"

3

and "ACNE."  Id. ¶ 34.  As the camera in the Ad follows the balloons upward and zooms in on balloons with words such as "IRRITABILITY" and "MOODINESS" the screen also displays at the bottom "PMDD is a mood disorder related to the menstrual cycle." The next screen states "YAZ® treats PMDD. Symptoms include [list of symptoms on balloons].  Symptoms occur regularly before a woman's menstrual cycle."  Compl., Ex. D.  Plaintiffs allege the aforementioned representations in the Ads are false and/or material misrepresentations which cause women to believe that YAZ® is approved to treat women with any severity of the symptoms presented, regardless of whether their symptoms are severe enough to constitute PMDD and that YAZ® treats all severities of acne when in fact, YAZ® does not.  Id. ¶¶ 38-45.

On February 13, 2009, Plaintiffs filed the instant class action against Bayer.  Doc. # 1.  Plaintiffs' Complaint contains five causes of action: (1) negligent misrepresentation; (2) violation of the Consumers Legal Remedies Act (California Civil Code § 1750, *et seq*., or "CLRA") (3) violation of California Business and Professions Code § 17500, *et seq*. (False Advertising Law or "FAL"); (4) violation of California Business and Professions Code § 17200, *et seq*. (Unfair Competition Law or "UCL") and (5) unjust enrichment.  In the instant motion, Bayer moves to dismiss the Complaint pursuant to Rule 12(b)(6) of the

Federal Rules of Civil Procedure.[2]  Doc. # 8.  Plaintiffs oppose the motion.  Doc. 11.

## II.  OPINION

A.  <u>Legal Standard</u>

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the allegations of the complaint must be accepted as true.  <u>Cruz v. Beto</u>, 405 U.S. 319, 322, 92 S. Ct. 1079, 31 L. Ed. 2d 263 (1972).  The Court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.  <u>Retail Clerks Int'l Ass'n v. Schermerhorn</u>, 373 U.S. 746, 753 n.6, 83 S. Ct. 1461, 10 L. Ed. 2d 678 (1963).  Thus, the plaintiff need not necessarily plead a particular fact if that fact is a reasonable inference from facts properly alleged.  <u>See</u> <u>id.</u>

Nevertheless, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged."  <u>Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters</u>, 459 U.S. 519, 526, 103 S. Ct. 897, 74 L. Ed. 2d 723 (1983).  Moreover, the Court "need not assume the truth of legal conclusions cast in the form of

---

[2]   In the alternative to Bayer's motion to dismiss, Bayer filed a motion to strike portions of Plaintiffs' Complaint. Doc. # 9.  Because the Court has decided to grant Bayer's motion to dismiss, the motion to strike is rendered moot.

5

factual allegations."  United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

Ultimately, the Court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).  Only where a plaintiff has not "nudged [his or her] claims across the line from conceivable to plausible," is the complaint properly dismissed.  Id.  "[A] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002) (quoting Hudson v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984)).

B.  Standing

Bayer contends that Plaintiffs have failed to allege standing for their Unfair Competition, False Advertising, and Consumer Legal Remedies Act claims and thus, Plaintiffs' second, third and fourth causes of action should be dismissed. Plaintiffs argue their Complaint sufficiently alleges standing to assert claims under the UCL, FAL, and CLRA.

The issue of standing is a threshold determination of "whether the litigant is entitled to have the court decide the

merits of the dispute or of particular issues." <u>Warth v. Seldin</u>, 422 U.S. 490, 498 (1975); <u>Steel Co. v. Citizens For A Better Env't</u>, 523 U.S. 83, 118 (1998).  Article III limits "the federal judicial power 'to those disputes which confine federal courts to a role consistent with a system of separated powers and which are traditionally thought to be capable of resolution through the judicial process.'"  <u>Valley Forge Christian Coll. v. Americans United For Separation of Church and State, Inc.</u>, 454 U.S. 464, 472 (1982) (quoting <u>Flast v. Cohen</u>, 392 U.S. 83, 97 (1968)); <u>Steele</u>, 523 U.S. at 102.  "Those who do not possess Article III standing may not litigate as suitors in the Courts of the United States."  <u>Id.</u> at 476.

The Supreme Court has set forth that "[t]he 'irreducible constitutional minimum of standing' contains three requirements."  <u>Steele</u>, 523 U.S. at 102-03 (quoting <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560 (1992)).  First, plaintiff must allege an "injury in fact - a harm suffered by the plaintiff that is concrete and actual or imminent, not conjectural, or hypothetical."  <u>Id.</u> at 103.  Second, plaintiff must allege causation - "a fairly traceable connection between the plaintiff's injury and the complained-of conduct of the defendant."  <u>Steele</u>, 523 U.S. at 103. (citing <u>Simon v. E. Ky. Welfare Rights Org.</u>, 426 U.S. 26, 41-42 (1976).  Third, the injury must be redressable - there must be "a likelihood that

the requested relief will redress the alleged injury.  Steele, 523 U.S. at 103 (citing Simon, 426 U.S. at 45-46).

The UCL and the FAL contain specific standing requirements. The UCL prohibits any "unlawful, unfair or fraudulent business act or practice."  Cal. Bus. & Prof. § 17200.  While the FAL prohibits any "unfair, deceptive, untrue, or misleading advertising."  Cal. Bus. & Prof. § 17500.  After Proposition 64, Sections 17204 and 17535 of the Business and Professions Code were amended to require plaintiffs to "have suffered injury in fact and lost money or property as a result of the unfair competition" in order to bring UCL or FAL claims.  See Cal. Bus. & Prof. Code §§ 17200, 17203, 17204.  Accordingly, "after Proposition 64, a person seeking to represent claims on behalf of others must show that (1) she had suffered an actual injury in fact, and (2) such injury occurred as a result of the defendant's alleged unfair competition or false advertising." Laster v. T-Mobile United States, Inc., 407 F. Supp. 2d 1181, 1194 (S.D. Cal. 2005).

The CLRA contains similar language establishing a standing requirement.  California requires a plaintiff suing under the CLRA for misrepresentations in connection with a sale to plead and prove she relied on a material misrepresentation.  Caro v. Procter & Gamble Co., 18 Cal. App. 4th 644, 668 (Cal. App. 4th Dist., 1993) (holding no material misrepresentation was made to

plaintiff suing under the CLRA because he did not believe the allegedly misleading statement); cf. Anunziato v. eMachines, Inc., 402 F.Supp.2d 1133, 1137 (C.D.Cal. 2005) (acknowledging the CLRA's reliance requirement).  Here, because Plaintiffs' claims are based on allegations of false advertising, Plaintiffs must allege they relied on the false advertising.  Laster v. T-Mobile USA, Inc., 407 F. Supp. 2d 1181, 1194 (S.D.Cal. 2005).  They must also allege the misrepresentations were material as to them, i.e., "that without the misrepresentation, [P]laintiff[s] would not have acted as [they] did."  Cattie v. Wal-Mart, Inc., 504 F. Supp. 2d 939, 946 (S.D. Cal. 2007) (quoting Caro, 18 Cal. App. 4th at 668).

    Plaintiffs cite to paragraphs 12, 77, and 84 of their Complaint for the assertion that they have "unequivocally allege[d] that Plaintiffs viewed the misleading Ads, purchased their YAZ® prescriptions in reliance on the direct misrepresentations and/or omissions of material fact contained therein, and suffered various injuries in fact."  Pls' Opp. at 6:25-28.  However, the Court finds these allegations fall considerably short of alleging standing.  All three paragraphs are comprised of bare and vague conclusions that Plaintiffs were induced to purchase YAZ® based on Bayer's "misrepresentations" and "omissions."  Compl. ¶¶ 12, 77, 84.  Such conclusory allegations fail to allege what Plaintiffs saw, heard and relied

upon in making their purchases and suffering injuries in fact and are insufficient as a matter of law.  <u>Warren v. Fox Family Worldwide, Inc.</u>, 328 F.3d 1136, 1139 (9th Cir. 2003).

    Bayer has cited two cases, <u>Cattie v. WalMart Stores, Inc.</u> and <u>Laster v. T-Mobile USA, Inc.</u>, which this Court finds persuasive in support of Bayer's argument that Plaintiffs' allegations do not suffice to allege standing.  In <u>Cattie</u>, the Court dismissed Plaintiff's UCL, FAL and CLRA claims for failure to allege standing despite allegations that "the advertising resulted in the sale of goods" and that "Plaintiff Cattie and members of the Class have been injured in their money and property as a result of Defendants' [false advertising] as set for in this Complaint."  <u>Catti</u>, 504 F. Supp. 2d at 947.  As the <u>Cattie</u> Court held, these allegations "[d]o not allege that false statements or claims had anything to do with [plaintiff's] decision to purchase the [products at issue]" and, moreover, "these [allegations] are conclusory and do not adequately allege reliance."  <u>Id.</u>  Likewise, the <u>Laster</u> Court held that plaintiffs failed to allege standing where "none of the named Plaintiffs allege that they saw, read, or in anyway relied on the advertisements."  <u>Laster</u>, 407 F. Supp. 2d at 1194.

    Similarly here, Plaintiffs have not alleged any facts showing they viewed either of the Ads at issue prior to purchasing YAZ® or that they purchased YAZ® in reliance on the

challenged aspects of the Ads and were injured as a result. Rather, Plaintiffs make conclusory allegations that they were induced to purchase YAZ® by Bayer's "deceptive representations," "fraud and deceit," and "acts, omissions, misrepresentations, practices, and nondisclosures." Compl. ¶ 84. Such allegations do not suffice to confer standing to sue under the UCL, FAL, or the CLRA. See e.g., Laster, 407 F. Supp. 2d at 1194; Cattie, 504 F. Supp. 2d at 948. Not only have Plaintiffs failed to allege they viewed the Ads, but more importantly, they have failed to allege any injury based on their purchase. If, for example, Plaintiffs purchased YAZ® for use as an oral contraceptive, as a treatment for symptoms of PMDD in women who use oral contraceptives, and/or for the treatment of moderate acne in women who use oral contraceptives, then Plaintiffs have presumably suffered no injury, as YAZ® is FDA approved for those uses. As such, Plaintiffs fail to allege enough facts to state a claim to relief that is plausible on its face. The Complaint fails to allege an injury in fact and fails to adequately allege a connection between the Plaintiffs' injury, if any, and the complained-of conduct of Bayer's Ads. Only a complaint that states a plausible claim for relief survives a motion to dismiss and Plaintiffs' complaint fails to do so. See Ashcroft v. Iqbal, 129 S. Ct. 1937 (U.S. 2009); see also Twombly, 550 U.S. at 556. Accordingly, Plaintiffs' second, third and fourth

causes of action must be dismissed for failure to allege facts demonstrating standing to assert a claim for relief against Bayer.

C. <u>Failure to Plead Fraud with Particularity</u>

Rule 9(b) of the Federal Rules of Civil Procedure provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  In order to comply with the requirements of Rule 9(b), the circumstances constituting the alleged fraud "must be 'specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong.'"  <u>Bly-Magee v. California</u>, 236 F.3d 1014, 1019 (9th Cir. 2001) (quoting <u>Neubronner v. Milken</u>, 6 F.3d 666, 672 (9th Cir. 1993)). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged."  <u>Vess v. Ciba-Geigy Corp. USA</u>, 317 F.3d 1097, 1106 (9th Cir. 2003).  The plaintiff "must set forth *more* than the neutral facts necessary to identify the transaction.  The plaintiff must set forth what is false or misleading about a statement, and why it is false." <u>Id.</u> (quoting <u>Decker v. GlenFed, Inc.</u>, 42 F.3d 1541, 1548 (9th Cir. 1994)).

Bayer asserts that the Complaint should be dismissed because Plaintiffs fail to plead fraud with particularity. Plaintiffs argue that not all of their claims are grounded in fraud, but that to the extent they are, they have adequately alleged facts supporting their claims. Plaintiffs contend that they do not need to meet Rule 9(b)'s heightened pleading requirement with respect to their claims because fraud is not a necessary element of these claims, nor are their claims grounded in fraud.

"In cases where fraud is not a necessary element of a claim, a plaintiff may choose nevertheless to allege in the complaint that the defendants have engaged in fraudulent conduct." Vess, 317 F.3d at 1103. The Ninth Circuit has held that in such cases, where fraudulent conduct is the basis of the claim, that claim is "grounded in fraud" and "the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b)." Id. at 1103-04. Claims may be "grounded in fraud" where a plaintiff alleges a uniform course of fraudulent conduct. Id. at 1103. Under California law, the "indispensable elements of a fraud claim include a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages." Moore v. Brewster, 96 F.3d 1240, 1245 (9th Cir.1996) (superceded by statute on other grounds) (citing

Bank of the West v. Valley Nat'l Bank of Arizona, 41 F.3d 471, 477 (9th Cir.1994)).

Here, Plaintiffs' first four causes of action are grounded in averments of fraud. For example, throughout the Complaint Plaintiffs allege that "the conduct at issue was all part of an *illegal fraud on consumers*," and that the "the policies, procedures and practices described herein relating to Defendants' conduct with respect to the marketing, advertising, and sale of YAZ® are part of a *common course of conduct*. . . ." Compl. ¶¶ 59, 70.  Plaintiffs also allege that Bayer continues "to engage in conduct that is unlawful, unfair, or fraudulent through a *pattern of misrepresentation and concealment of material facts* . . . ."  Compl. ¶ 90.  Even Plaintiffs' negligent misrepresentation claim refers to a common fraudulent scheme underlying Plaintiffs' first four claims: "[Bayer's] misrepresentations and omissions were *uniform and part of a common course of conduct* directed to Plaintiffs and members of the Class."  Comp. ¶ 76.  Moreover, the factual basis for Plaintiffs' first four claims arise out of a uniform course of allegedly fraudulent conduct, specifically, the false and misleading statements allegedly made by Bayer through its Ads. Therefore, Plaintiffs' first four claims are "grounded in fraud" such that they must meet 9(b)'s heightened pleading standard.

In this case, despite Plaintiffs' allegations of a common course of fraudulent conduct by Bayer, the Complaint provides no detail or specificity as to the purported fraud, nor does it identify any particular misrepresentations upon which Plaintiffs detrimentally relied.  In order to support Plaintiffs' claim for negligent misrepresentation, Plaintiff must identify a misrepresentation of fact.  <u>Wilson v. Century 21 Great W. Realty</u>, 15 Cal. App. 4th 298, 306 (Cal. App. 1st Dist. 1993).  "An 'implied' assertion or representation is not enough."  <u>Id.</u>  In addition, to meet the requirements to bring Plaintiffs' claims asserted under the UCL, FAL, and CLRA, Plaintiffs must allege with particularity when they viewed the Ads and that they relied on the Ads in making their purchase.  Plaintiffs' general allegations are insufficient to give Bayer notice of the particular misconduct charged by Plaintiffs.  <u>Vess</u>, 317 F.3d at 1106.  Plaintiffs' failure to plead averments of fraud, which underlie each cause of action, with sufficient particularity renders their entire Complaint, and each cause of action therein, deficient.  Accordingly, the first four claims in Plaintiffs' Complaint are dismissed for failure to plead fraud with particularity.

//

//

D. <u>Unjust Enrichment</u>

Plaintiffs' fifth cause of action for unjust enrichment fails as a matter of law.  "Unjust enrichment is not a cause of action, [ ] or even a remedy, but rather 'a general principle, underlying various legal doctrines and remedies.'"  <u>McBride v. Boughton</u>, 123 Cal. App. 4th 379, 387-388 (2004).  Accordingly, Plaintiffs' fifth cause of action for unjust enrichment is dismissed.

### III. ORDER

For the reasons set forth above, Defendant's motion to dismiss Plaintiffs' Complaint is GRANTED.  Plaintiffs are granted twenty (20) days from the date of this order to file a first amended complaint in accordance with this order.  Defendant is granted thirty (30) days from the date of service of Plaintiffs' first amended complaint to file a response thereto.

IT IS SO ORDERED.

Dated:  July 2, 2009

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE